## CIRCUIT COURT OF THE CITY OF NORFOLK

Alton D. Gillus

v.

City of Norfolk

December 24, 1997

Case No. (Law) L97-1961

BY JUDGE EVERETT A. MARTIN, JR.

The City of Norfolk terminated the plaintiff's employment as a tax auditor for alleged inefficiency and incompetence. The plaintiff properly followed the City's grievance procedure adopted pursuant to former Code of Virginia § 15.1-7.2 (now Va. Code § 15.2-1507), claiming on his grievance form that his termination was "unfair, discriminatory, and excessive/ unreasonably harsh." Motion for Judgment, exhibit 3. As the final stage in the grievance procedure, the plaintiff appeared on March 26, 1997, at a panel hearing to present the merits of his case. During the hearing, he asserted his termination had been the result of discrimination based on his disability. He had not previously specifically claimed disability as the reason for his termination. He alleges the panel would not hear the disability discrimination claim at that stage of the proceeding and that it upheld the termination. The plaintiff claims in his motion for judgment that the grievance procedure, as applied to him, denied him due process of law under Va. Code § 15.1-7.2, the Virginia Constitution, the United States Constitution, and 42 U.S.C. § 1983. He seeks money damages, re-instatement, and attorney's fees. The case comes before the court on the City's demurrer and special plea of governmental immunity. I find the plaintiff has not pleaded a cause of action for which the court may grant relief, and I sustain the demurrer. I thus need not consider the plea of governmental immunity.

Va. Code § 15.1-7.2 does not grant independent authority for a circuit court to hear the plaintiff's claim. The statute creates a right and it defines the process due a complainant, but it does not specifically authorize a private

right of action. See generally, *Concerned Taxpayers v. County of Brunswick*, 249 Va. 320, 455 S.E.2d 712 (1995). Under Va. Code § 15.1-7.2(A)(9) and (11), only decisions regarding "grievability," "access to the procedure," and implementation of the panel decision may be appealed to the circuit court. Relief from any misapplication by the panel of the City's grievance procedure lies only to the city manager or his designee or, in some cases, to the Commonwealth's Attorney. Va. Code § 15.1-7.2(A)(10)(a)(7). As Va. Code § 15.1-7.2 does not grant a circuit court jurisdiction to re-examine the grievance panel's decision, I sustain the demurrer insofar as it alleges a violation of due process under the statute. I should also note that permitting this cause of action to go forward would nullify the finality provision of Va. Code § 15.1-7.2(A)(10)(a)(6).

Concerning the plaintiff's allegation of a violation of the due process clauses of the Virginia and federal constitutions, the motion for judgment and its attachments show that the plaintiff had adequate notice and an opportunity to be heard before an impartial tribunal. The demurrer will be sustained as to the constitutional claims.

Municipal liability under 42 U.S.C. § 1983 for the acts of its employees must generally be based on official policy, a well established custom, or an action by a municipal official with final policy making authority. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694, 56 L. Ed. 2d 611, 98 S. Ct. 2018 (1977); *Pembaur v. City of Cincinnati*, 475 U.S. 469, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986); *City of St. Louis v. Prapotnik*, 485 U.S. 112, 99 L. Ed. 2d 107, 108 S. Ct. 915 (1988). The plaintiff complains that the panel decided it could not consider his claim of disability and, thus, the grievance procedure as it was applied to him denied him due process. He fails to allege, however, that the panel's decision not to consider his claim was an official policy or custom. Nor does the plaintiff allege the panel was a final policy maker; in fact, he concedes in his brief that the panel is not a city agency. Thus, the plaintiff has not stated a cause of action under 42 U.S.C. § 1983.

Mr. Juren shall prepare the appropriate order allowing the plaintiff thirty days to file an amended motion for judgment if he be so advised.