## CIRCUIT COURT OF FAIRFAX COUNTY

Fitzgerald

v.

Fairfax County
Civil Service
Commission et al.

November 27, 2002

Case No. (Chancery) 180431

BY JUDGE MICHAEL P. MCWEENY

This matter came before the Court on October 18, 2002, pursuant to a briefing schedule set by the Court's calendar-control judge. The parties submitted written briefs prior to the hearing. At the conclusion of oral argument, the Court took the matter under advisement, and the Complainant submitted a supplemental brief at the Court's invitation.

The Court has fully considered the briefs submitted, as well as the oral arguments of both parties, and, as set forth below, the Court holds that it has no jurisdiction to hear this case or to grant the relief requested by the Complainant. Accordingly, this case is dismissed with prejudice.

### Background

The Complainant was employed by the Fairfax County Police Department ("FCPD") for approximately twenty years. During that time, the Complainant also worked part time in the home contracting business. As a result of his part time work, the Complainant was indicted by the Loudoun County Commonwealth's Attorney on June 12, 2000, triggering an investigation by the FCPD. In August of 2000, the Complainant was informed by the FCPD that he would be terminated from his employment. The Complainant inquired whether he could draw upon his retirement benefits while proceeding under

the county's grievance procedures. FCPD allegedly informed the Complainant that he could in fact draw upon his benefits while maintaining a grievance. The Complainant therefore filed a formal grievance with the Civil Service Commission, ("the Commission") and began to draw on his retirement benefits after his termination became effective in September of 2000.

In December 2000, it was determined that the indictment was without merit, and the charges against the Complainant were *nolle prossed* and the Complainant's record expunged.

In June 2001, FCPD filed a motion to dismiss the Complainant's pending grievance before the Commission. FCPD stated that under Fairfax County Personnel Regulations, the Complainant could not return to work because he had drawn upon his retirement benefits. On July 27, 2002, the Commission agreed with FCPD, stating that the Commission did not have the authority to re-instate Complainant, and that therefore the Commission did not have jurisdiction to hear the case.

The Complainant instituted this action on September 20, 2002, requesting that this Court issue a declaratory judgment that the Commission may re-instate the Complainant and remand the case to the Commission for oral argument on the merits. Defendants have responded with various pleadings in opposition, including motions to dismiss for lack of jurisdiction, pleas in bar, and demurrers. The parties' respective positions are summarized below.

## Complainant's Position

The Complainant contends that a declaratory judgment should be granted in this case pursuant to Va. Code Ann. § 8.01-184 (2000). He submits that the Commission committed error when it dismissed the Complainant's claim without oral argument. According to the Virginia Code, the Complainant should have been afforded a hearing and an opportunity to rebut the bases for the threatened termination of his employment. Instead, County personnel regulations were used to trump the Complainant's statutory right to be heard. To allow county regulations to supersede state statutes is contrary to law and public policy. This Court therefore should reverse the Commission's finding that County regulations prohibit the Commission from reinstating the Complainant. Further, the case should be remanded to the Commission for proceedings consistent with such a decision.

In addition, he submits that the Defendants are equitably estopped from preventing the Complainant's reinstatement. FCPD represented that the Complainant would be able to draw on his retirement benefits while maintaining a formal grievance. These representations were relied upon by the

Complainant and induced the Complainant to change his position and draw on his retirement. As a result, the Complainant's grievance is unable to pursue his claim for re-instatement before the Commission. As a result of their misrepresentation upon which the Complainant relied in good faith, Defendants are estopped from asserting that the Complainant may not be re-instated in his former position.

### Defendants' Position

The Defendants argue that the Circuit Court has no jurisdiction to set aside a decision of the Commission under the facts of this case. Va. Code Ann. § 15.2-1507 (2002) details the provisions governing grievance procedures. The role of the courts in these procedures is strictly limited, and the statute identifies only three instances in which the Circuit Court may review a decision made in the grievance process. None of those three instances are applicable here.

Further, case law expressly prohibits appeals from decisions made by the Commission. The Complainant is attempting to use an action for a declaratory judgment as a vehicle by which to seek judicial review. Courts have uniformly held that aggrieved county employees may not use an action for declaratory judgment in this manner.

Moreover, declaratory judgment is not available where there are other remedies present. In this case, there were alternative remedies, but the Complainant failed to use them. Specifically, the Virginia Code as well as Fairfax County personnel regulations detail the proper procedures that an aggrieved party must follow for redress should he harbor the belief that the Commission did not comply with the applicable grievance procedures. The Complainant chose not to use these mechanisms to redress his grievance and may not now circumvent the statute in an attempt to obtain his desired relief.

With regard to the Complainant's claim of equitable estoppel, this claim must fail because estoppel does not run against the county in this case.

### Analysis and Rulings

A. *Complainant's Claim That He Did Not Receive a Proper Hearing*

The Complainant states that he was denied his statutory right to a hearing before the Commission when his grievance was dismissed without oral argument. It is true that the Virginia Code states that "Qualifying grievances *shall* advance to a *hearing* before an impartial panel." Va. Code § 15.2-

1507(A)(9) (2002) (emphasis added). However, this provision is but one small part of a detailed scheme created by the Virginia General Assembly to address County employees' grievances. In addition to providing for a hearing, the Code states, "After the initial filing of a written grievance, failure of either party to comply with all substantial procedural requirements of the grievance procedure, *including the panel hearing*, without just cause shall result in a decision in favor of the other party on any grievable issue, provided the party not in compliance fails to correct the noncompliance within five workdays of receipt of written notification by the other party of the compliance violation. Such written notification by the grievant shall be made to the chief administrative officer, or his designee." Further, *"The chief administrative officer, or his designee, shall determine compliance issues. Compliance determinations made by the chief administrative officer shall be subject to judicial review by filing [a] petition with the circuit court within thirty days of the compliance determination."* Va. Code Ann. § 15.2-1507(A)(7)(b) (2002) (emphasis added).

The Complainant's claim that he was denied his right to an oral hearing before the Commission is essentially a claim that there was a failure to comply with the procedural requirements of the grievance process. The Complainant's remedy is clearly set forth in the Code. If the Complainant were dissatisfied with the Commission's compliance with its grievance procedures, the Code dictates that he should have provided written notification of this fact to the chief administrative officer, who would determine compliance. Should the Complainant have utilized that remedy and remained dissatisfied with the outcome, only then would he have been entitled to seek judicial review in this Court. There is no allegation that the Complainant has followed the process as dictated by the Code. This Court is bound to follow the Code, and, until such procedures are complied with, this Court has no jurisdiction to hear this case.

## B. *Complainant's Request for Declaratory Judgment*

In addition to enumerating a method by which to address grievances such as the Complainant's, Va. Code Ann. § 15.2-1507 (2002) describes in detail the occasions on which a Circuit Court may review or intervene in a locality's grievance process. The statute carefully guards the Court's involvement, limiting judicial review of the grievance procedure to three specific instances. First, as discussed above, either party may appeal the chief administrative officer's determination regarding compliance with the procedural requirements of the grievance process. Va. Code Ann. § 15.2-1507(A)(7) (2002). The second instance in which an employee may seek judicial review

of county grievance procedures is to appeal an adverse decision to the Circuit Court regarding the grievability of his claim. Va. Code Ann. § 15.2-1507(A)(9) (2002). Finally, either party may petition the Circuit Court for an order implementing the grievance panel's decision. Va. Code Ann. § 15.2-1507(A)(11) (2002).

Virginia Circuit Courts have consistently held that based on the legislature's clear attempt to limit judicial review in a locality's grievance process, no right of appeal will lie to the Circuit Court from a final decision of the Civil Service Commission. *See, e.g., Gillius v. City of Norfolk,* 57 Va. Cir. 446 (Norfolk 1997). In a case with similar facts to the one at bar, the Honorable F. Bruce Bach stated that "I find that the legislature did not intend the circuit court to serve as an appellate court for grievance panel decisions under Va. Code Ann. § 15.2-1507. Instead, I believe that, if the General Assembly had intended grievance panel decisions to be reviewed by the circuit court, it would have so stated." *Fairfax County v. Fairfax County Civil Service Comm'n et al.,* Case No. C153630 (Fairfax County Cir. Ct. 1998). Judge Bach went on to dismiss the motion for declaratory judgment on these grounds.

An ancient doctrine of statutory construction holds that a legislature's inclusion of some terms indicates the intent to exclude all other similar terms. In this case, the General Assembly contemplated judicial review in only three situations, thus indicating its intent to limit this Court's involvement in the County grievance procedures. None of those three situations is applicable here. Therefore, the Court would frustrate the intent of the legislature should it involve itself at this stage in the proceedings.

## C. *Estoppel*

The Complainant claims that Defendant is estopped by its conduct from denying Plaintiff's reinstatement. This argument reaches the merits of the Complainant's claim. Because the Court lacks jurisdiction to hear this case, the Court is not at liberty to rule on this issue.

## *Conclusion*

The statutory scheme outlines a clear method by which to redress claims such as the Complainant's. However, the Complainant has failed to utilize this forum. Instead, the Complainant asks the Court to issue a declaratory judgment decreeing as to the impropriety of the Commission's decision. Should the Court grant the Complainant the requested relief, it would be

acting in complete contravention to the Virginia Code and would be frustrating the intent of the legislature. The Court is bound to follow the laws of this Commonwealth and will not act outside of those bounds.